UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 06-CR-10362-RWZ

UNITED STATES OF AMERICA

v.

DARREN FRANKLIN

<u>CORRECTED ORDER</u>

December 7, 2021

ZOBEL, S.D.J.

On April 30, 2007, defendant Darren Franklin ("Defendant") was convicted by a jury of distributing cocaine base and being a felon in possession of ammunition. He was originally sentenced to a term of imprisonment of 360 months, which was reduced to 216 months on October 24, 2019 pursuant to amendment of the Fair Sentencing Act, 21 U.S.C. § 841. In addition, he was sentenced to twelve years of supervised release with conditions that he not commit another federal, state, or local crime, and that he not associate with any person convicted of a felony unless given permission to do so by Probation. Docket # 76 at 3. Defendant started the period of supervised release on November 1, 2019.

On September 8, 2021, this court found that Defendant had violated two terms of his supervised release by committing three state crimes. Docket # 157. On September 28, 2021, the court revoked Defendant's twelve-year term of supervised release and sentenced him to three years imprisonment for these violations without a new term of

1

supervision to follow. Docket ## 159, 162. Both parties then filed competing motions to amend the judgment: Defendant asks that the judgment reflect explicitly no term of supervised release to follow the new term of imprisonment; the government asks that it require a term of supervised release. Docket ## 164, 168.

United States Code title 18, section 3583 governs supervised release. Section 3583(a) establishes that an initial term of supervised release may be imposed following a period of imprisonment for a felony or a misdemeanor. Once imposed, a term of supervised release may be terminated, extended, or revoked. 18 U.S.C. § 3583(e). If it is revoked and a term of imprisonment imposed, a court may require another period of supervised release to follow that term of imprisonment.[1] Id. § 3583(h) ("When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment."); U.S. Sent'g Guidelines Manual § 7B1.3(g)(2) (U.S. Sent'g Comm'n 2021) ("If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment."); United States v. Goodwin, 866 F.3d 478, 480 (1st Cir. 2017) ("When a judge revokes a defendant's supervised-release term, the new sentence may include an additional supervised-release stint...." (citation omitted)).

In this case, Defendant's twelve-year term of supervised release was revoked under § 3583(e)(3) after this court found, based on the record established at an evidentiary hearing, that Defendant committed three state criminal offenses, which

---

[1] Because § 3583(h) governs the inquiry whether to impose a new term of supervised release following revocation of the original term, the provision in § 3583(a) requiring that a term of supervised release be imposed as part of the sentence for a domestic violence crime is not applicable to this case. See Docket # 171 at 3.

2

violated two of the then existing conditions of his supervised release. Docket ## 157, 159, 162. It subsequently sentenced him to three years imprisonment for those violations. Docket ## 159, 162. Defendant's new term of imprisonment therefore triggered § 3583(h)'s permissive, though not mandatory, provision allowing a new term of supervised released following Defendant's term of imprisonment to be imposed, a provision that is essentially mirrored in the Sentencing Guidelines § 7B1.3(g)(2). This court exercised its discretion and declined to do so. See, e.g., United States v. Sayer, 916 F.3d 32, 40-41 (1st Cir. 2019) (acknowledging courts' discretion to impose term of imprisonment following revocation of supervised release without imposing new term of supervised release); United States v. Soto-Soto, 855 F.3d 445, 450-51 (1st Cir. 2017) (affirming district court decision not to impose new term of supervised release following sentence of imprisonment for violations of original term of supervised release "[i]n view of the [defendant's] demonstrated unwillingness to comply with conditions of supervised release"); Goodwin, 866 F.3d at 480-81 (affirming district court decision imposing new term of supervised release following term of imprisonment for violation of original term). Given Defendant's failures to accept and learn from his previous supervision, and for the reasons stated on the record underscoring the reasonableness of Defendant's sentence for the violations, I am not persuaded by the government's recommendation to require a new term of supervised release.[2]

---

[2] Although § 3583(h) does not provide a procedure for reimposition of supervised release, the First Circuit has intimated that courts are to consider the § 3553(a) factors listed in § 3583(c), the factors considered in imposing the initial term of supervised release. See United States v. Santiago-Rivera, 594 F.3d 82, 84 (1st Cir. 2010) ("As subsection (h) does not list the factors to be considered in imposing a term of supervised release as part of a revocation sentence, it is a reasonable inference that the factors are the same as those to be considered in imposing an initial term of supervised release."); see also United States v. Clark, 726 F.3d 496, 501 (3d Cir. 2013) (adopting First Circuit's approach).

Accordingly, Defendant's Motion to Amend Judgment (Docket # 164) is ALLOWED.[3] The government's Request for a Term of Supervised Release (Docket # 168) is DENIED.

December 7, 2021
DATE

RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

---

[3] Because the operative Amended Judgment in a Criminal Case (Docket # 162) does not include a term of supervised release following the term of imprisonment to which Defendant was sentenced, there is no need to actually amend the judgment in light of this Court's order.